198 P.3d 735

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Heather LUSBY, Defendant–Respondent.**

**No. 34217.**

Court of Appeals of Idaho.

June 5, 2008.

Review Denied Jan. 2, 2009.

---

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for respondent. Heather M. Carlson argued.

LANSING, Judge.

The State appeals from the district court's order suppressing evidence and dismissing charges against Heather Lusby. We reverse and remand.

## I.

### BACKGROUND

On January 28, 2007, officers were dispatched to an apartment to investigate a disturbance between Lusby and another individual. While officers were speaking with Lusby, she became agitated and retreated into the apartment. One of the officers followed her, pulled her out, and announced that she was under arrest for resisting and obstructing him. Lusby struggled with the officer. As she was being handcuffed, she allegedly intentionally hit an officer in the face with her elbow. Lusby was searched incident to the arrest, and officers found drug paraphernalia in her possession. She was charged with felony battery on a law enforcement officer, Idaho Code §§ 18–915(d),[1] –903(b), misdemeanor possession of paraphernalia, I.C. § 37–2734A, and misdemeanor resisting and obstructing an officer, I.C. § 18–705.

Lusby moved to suppress the evidence of the drug paraphernalia and dismiss the battery and obstruction charges on the ground that the officer's warrantless entry into the apartment to retrieve Lusby violated her Fourth Amendment rights. The district court granted the motion, finding that the officer entered the apartment without a legal justification for doing so. The court reasoned that all the subsequent events flowed from this illegality, and therefore evidence of Lusby's resistance and battery on the officer and the subsequent search must be suppressed as fruit of the unlawful entry.

The State appeals. It does not challenge the district court's holding that the officer's intrusion into Lusby's apartment violated constitutional standards. Rather, the State argues that evidence of the battery or other forceful resistance to the officer, and evidence of the paraphernalia, was not gained by exploitation of the unlawful entry and therefore ought not be suppressed.

## II.

### ANALYSIS

■ The Fourth Amendment to the United States Constitution assures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It has long been held that evidence obtained by searches and seizures made in violation of this constitutional right is inadmissible against the accused. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The purpose of this exclusionary rule is to effectuate the rights guaranteed by the Fourth Amendment by deterring law enforcement officials from violating constitutional protections. *Stone v. Powell,* 428 U.S. 465, 492, 96 S.Ct. 3037, 3051, 49 L.Ed.2d 1067 (1976); *State v. Bower,* 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct.App. 2001). Because the exclusionary rule imposes a price upon society that can enable the guilty to escape prosecution, the exclusionary rule is only applicable if there is a causal connection between the police misconduct and the acquisition of the challenged evidence. *Segura v. United States,* 468 U.S. 796, 805, 104 S.Ct. 3380, 3385–86, 82 L.Ed.2d 599 (1984); *Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963); *State v. Keene,* 144 Idaho 915, 918, 174 P.3d 885, 888 (Ct.App.2007); *State v. Babb,* 136 Idaho 95, 98, 29 P.3d 406, 409 (Ct.App.2001).

■ Evidence is not necessarily "fruit of the poisonous tree" simply because it would not have come to light but for illegal actions of the police. "Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary

---

1. Idaho Code § 18–915(d) was recently amended and re-codified as I.C. § 18–915(3), 2008 Idaho Sess. Laws, ch. 151 (S.B.1362).

taint.'" *Wong Sun,* 371 U.S. at 488, 83 S.Ct. 407 (quoting MAGUIRE, EVIDENCE OF GUILT (1959)). This query is answered through examination of three factors: (1) the temporal proximity of the illegality and the acquisition of the evidence; (2) whether there are intervening circumstances between the illegality and the acquisition of the evidence; and (3) the purpose and flagrancy of the official misconduct. *Brown v. Illinois,* 422 U.S. 590, 603–04, 95 S.Ct. 2254, 2261–62, 45 L.Ed.2d 416 (1975); *State v. Page,* 140 Idaho 841, 103 P.3d 454 (2004); *State v. Bainbridge,* 117 Idaho 245, 250, 787 P.2d 231, 236 (1990).

The State argues that Lusby's use of force against the officer was an intervening circumstance that broke the chain of causation between the illegal entry of Lusby's apartment and all subsequent events.[2] The State therefore contends that the district court improperly suppressed the evidence of Lusby's battering the officer by hitting him with her elbow, of paraphernalia found in a search incident to the arrest for this battery, and of any further physical resistance or obstruction by Lusby.

 We begin by noting that Lusby's use of physical violence against the officer was a crime and was not justified by the officer's unlawful entry into her home. It is well established that an individual may not use force to resist a peaceable arrest by one she knows or has good reason to believe is a police officer, even if the arrest is illegal under the circumstances. *State v. Richardson,* 95 Idaho 446, 451, 511 P.2d 263, 268 (1973); *State v. Wren,* 115 Idaho 618, 627, 768 P.2d 1351, 1360 (Ct.App.1989); *State v. Wilkerson,* 114 Idaho 174, 177–78, 755 P.2d 471, 474–75 (Ct.App.1988). Although a person may resist the use of unreasonable force, she has "no underlying right to resist the officers' attempt to make a peaceable arrest." *Wren,* 115 Idaho at 627, 768 P.2d at 1360.

"[I]f a person has reasonable ground to believe he is being arrested by a peace officer, it is his duty to refrain from using force or any weapon in resisting arrest regardless of whether or not there is a legal basis for the arrest." *Richardson,* 95 Idaho at 451, 511 P.2d at 268. Instead, an individual subjected to illegal arrest should later pursue rights and remedies afforded by the civil or criminal law. *Id.*

 It appears to be a nearly universal rule in American jurisdictions that when a suspect responds to an unconstitutional search or seizure by a physical attack on the officer, evidence of this new crime is admissible notwithstanding the prior illegality. *See* WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.4(j) (4th ed.2004). This was our conclusion in *Wren,* 115 Idaho 618, 768 P.2d 1351. In that case, police contacted the defendant in his backyard after they received a noise complaint. During this encounter, the defendant went into his house. The officers followed him, and an altercation ensued. The defendant was charged with, among other things, battery and resisting arrest. The defendant sought suppression of evidence of these crimes, arguing that the police had illegally entered the house. We ultimately remanded for factual determinations, but as guidance on remand commented on the scope of the evidence to be suppressed if the defendant's arrest was ultimately found to be invalid. We noted that the evidence relating to his altercation with the officers "flowed not from the arrest but from [the defendant's] conduct," and thus that this evidence was admissible even if the trial court found that the officers had acted improperly. *Id.* at 627, 768 P.2d at 1360. Decisions from other jurisdictions presenting a similar conclusion include *State v. Mierz,* 127 Wash.2d 460, 901

---

2. Lusby contends that this issue was not preserved for appeal because the prosecutor did not specifically argue to the district court that Lusby's actions were intervening circumstances. This contention is unpersuasive. The overarching issue of the admissibility of the evidence was raised by Lusby's suppression motion, not by the State. Once evidence has been presented on such a motion, it is the judge's duty to determine whether the facts proven demonstrate a violation of the Fourth Amendment, and the court's analysis is not limited by the prosecutor's argument or the absence thereof. *See Bower,* 135 Idaho at 557–58, 21 P.3d at 494–95. We are careful to employ the exclusionary rule only where there has in fact been a violation of the defendant's constitutional rights, not merely where the prosecutor has failed to articulate the appropriate legal argument. *Id.*

510

P.2d 286 (1995) (evidence of defendant's command to dogs to attack officers did not arise due to exploitation of any unconstitutional entry or arrest); *People v. Villarreal*, 152 Ill.2d 368, 178 Ill.Dec. 400, 604 N.E.2d 923 (1992) (exclusionary rule cannot be used to exclude evidence of defendants' battery and obstruction of officers, regardless of whether officers had illegally entered home); *State v. Ottwell*, 239 Mont. 150, 779 P.2d 500, 502 (1989) (exclusionary rule does not extend to suppress evidence of a person's assaultive conduct towards a state employee who committed a Fourth Amendment violation); *State v. Burger*, 55 Or.App. 712, 639 P.2d 706 (1982) (even if entry is unlawful, evidence of subsequent crimes committed against police officers need not be suppressed); *Commonwealth v. Saia*, 372 Mass. 53, 360 N.E.2d 329 (1977) (exclusionary rule does not bar evidence which is the result of defendant's willful acts of misconduct, even if those acts were provoked by allegedly illegal entry by police); *People v. Townes*, 41 N.Y.2d 97, 390 N.Y.S.2d 893, 359 N.E.2d 402, 406 (1976) (defendant's action of attempting to fire gun at police was attenuated from unconstitutional seizure).

The rationale of these decisions is that, although officers may have conducted an unconstitutional search or seizure, a subsequent attack on the officer is a new crime unrelated to any prior illegality.[3] Because there has been no exploitation of the officer's unconstitutional conduct, the purpose of the exclusionary rule—to deter police misconduct— would not be advanced by suppressing evidence of the attack on the officer. As observed by the North Carolina Supreme Court in *State v. Miller*, 282 N.C. 633, 194 S.E.2d 353, 358 (1973), "Application of the exclusionary rule in such fashion would in effect give the victims of illegal searches [or seizures] a license to assault and murder the officers involved—a result manifestly unacceptable." In sum, the exclusionary rule does not give the aggrieved individual carte blanche to commit criminal acts against a police officer with impunity merely because the officer erred by conducting an unlawful search or seizure.

 Accordingly, we hold that evidence of Lusby's alleged battery on an officer or other forceful resistance is not suppressible. The officers did not derive evidence of this new criminal conduct from any exploitation of the unlawful entry. Therefore, evidence of the battery, evidence of other criminal acts in resisting or obstructing the officer,[4] and evidence of paraphernalia found in the search incident to Lusby's arrest are admissible.

The order suppressing evidence of drug paraphernalia and dismissing the battery and obstruction charges is reversed, and the case is remanded for further proceedings.

Chief Judge GUTIERREZ and Judge PERRY concur.

**3.** This must be distinguished from circumstances where a defendant's response to the police illegality is not itself criminal but merely exposes an ongoing crime. Such evidence is still suppressible under the ordinary exclusionary rule analysis. *See Bailey*, 691 F.2d at 1016–17 (if a noncriminal act that merely reveals a crime that has been or is being committed by the time of the official misconduct, the evidence is suppressible, but where the defendant's response is itself a new, distinct crime, there are strong policy reasons for permitting the police to arrest him for that crime); *State v. Miskimins*, 435 N.W.2d 217, 221 (S.D.1989) (distinguishing discovery of prior or ongoing criminal activity from acts committed after officer's unconstitutional conduct); *Saia*, 360 N.E.2d at 332 (same); *People v. Abrams*, 48

Ill.2d 446, 271 N.E.2d 37 (1971) (excludable evidence includes matters observed during an unlawful search which relate to past or existing criminal activity, but not evidence of crimes which arise from and are in reaction to an illegal search).

**4.** The district court did not address, and it is not clear from the charging information, whether the obstruction charge was based on acts of mere passive resistance to the officer's attempt to remove Lusby from her apartment or was an unjustified use of force that would be subject to prosecution on the same basis as the battery charge. These are issues that may be examined on remand.