**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 47455 & 47456**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 29, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LEE THOMAS SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for trafficking in marijuana, affirmed; judgment of conviction and consecutive, unified sentence of ten years, with a minimum period of confinement of two years, for trafficking in marijuana; and consecutive, unified sentence of seven years, with a minimum period of confinement of three years, for aggravated battery on an officer, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

In Docket No. 47455, Lee Thomas Smith appeals from his judgment of conviction and sentence for trafficking in marijuana and from the district court's order denying his I.C.R. 35 motion for reduction of sentence. In Docket No. 47456, Smith appeals from his judgment of conviction and consecutive sentences for trafficking in marijuana and aggravated battery on an officer and from the district court's order denying his I.C.R. 35 motion for reduction of sentences. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, Smith refused to comply with an officer's request to move away from Smith's car. The officers handcuffed Smith and placed him in a police vehicle. After a drug dog alerted on Smith's car, the officers searched the car and found over a pound of marijuana, two other controlled substances, weapons, cash, and suspected drug paraphernalia. As a result, the State charged Smith in Docket No. 47455 with trafficking in marijuana, two counts of possession of a controlled substance with intent to deliver, resisting or obstructing an officer, and possession of drug paraphernalia. Soon after posting bail, Smith absconded.

Nearly eighteen months later, an officer saw that a frame around a vehicle's rear license plate obscured the name of the jurisdiction that issued the plate. The officer initiated a traffic stop and Smith, the driver, provided a license bearing someone else's name. The officer smelled the odor of marijuana emanating from the open window of Smith's vehicle and had him exit the vehicle. When questioned, Smith admitted there were remnants of smoked marijuana joints in the ashtray and a pill bottle containing marijuana in the vehicle. The officer informed Smith that his vehicle would be searched and directed him to stand to the side of the highway with another officer.

Before the search could begin, Smith ran onto the highway, crossing one lane of traffic and entering the second. As the officers pursued, Smith changed direction, crossed back over to the right-hand side, and ran into the adjacent field. During the pursuit, an officer deployed his Taser on Smith. A scuffle ensued, Smith grabbed a pair of handcuffs and, holding them like brass knuckles, struck an officer's head two times. Smith also wrested a Taser from an officer and deployed it twice, missing the officers each time. After a prolonged struggle, the officers subdued Smith.

After securing him, the officers searched Smith's vehicle. Among other things, the officers found over a pound of marijuana, methamphetamine, hash oil, two firearms, cash, and a digital scale. Based on this second incident, the State charged Smith in Docket No. 47456 with trafficking in marijuana, two counts of possession of a controlled substance, aggravated battery on an officer, resisting or obstructing an officer, providing false information to an officer, possession of drug paraphernalia, driving without privileges, and failure to provide proof of insurance. Smith moved to suppress evidence obtained as a result of the second traffic stop. The district court granted his

2

motion as to evidence obtained prior to Smith's attempt to flee but denied the motion as to evidence obtained after that point.

After the partial denial of his motion to suppress, Smith entered into a global plea agreement with the State. In Docket No. 47455, Smith pled guilty to trafficking in marijuana, I.C. § 37-2732B(a)(1). In Docket No. 47456, Smith pled guilty to trafficking in marijuana, I.C. § 37-2732B(a)(1), and aggravated battery on an officer, I.C. §§ 18-907, 18-915(1). In exchange for Smith's guilty pleas, the State dismissed the remaining charges in both cases. For trafficking in marijuana in Docket No. 47455, the district court sentenced Smith to a unified five-year term, with a minimum period of confinement of two years. In Docket No. 47456, the district court sentenced Smith to a unified ten-year term, with a minimum period of confinement of two years, for trafficking in marijuana and a unified seven-year term, with a minimum period of confinement of three years, for aggravated battery on an officer. The district court ordered the sentences to run consecutively, resulting in an aggregate unified sentence of twenty-two years, with a minimum period of confinement of seven years.

Subsequently, Smith filed I.C.R. 35 motions in both cases, requesting a reduction of his sentences. The district court denied both motions. Smith appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Sentencing decisions are reviewed for an abuse of discretion. *State v. Barr*, 166 Idaho 783, 785, 463 P.3d 1286, 1288 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such

discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

# ANALYSIS

In these consolidated appeals, Smith argues the district court erred by partially denying his motion to suppress, imposing excessive sentences, and denying his I.C.R. 35 motions. The State responds that the district court properly denied in part the motion to suppress, imposed reasonable sentences, and did not abuse its discretion in denying Smith's I.C.R. 35 motions. We hold that Smith has failed to show error in the partial denial of his motion to suppress, his sentences, or the denial of his I.C.R. 35 motions.

## A. Motion to Suppress

We begin by noting the narrow scope of the issue on appeal. The district court held that the officer did not have reasonable suspicion of a traffic violation, rendering the initial seizure unlawful. Accordingly, the district court applied the exclusionary rule to suppress evidence obtained from the beginning of the stop until Smith fled from the officers. However, the district court also held that Smith's flight and battery on an officer were intervening events that attenuated the taint of the initial illegal seizure and that a new seizure occurred when the officers arrested Smith for aggravated battery on an officer and resisting or obstructing an officer. Based on this arrest, the district court held that the officers could perform an inventory search of Smith's vehicle. On appeal, the State has not challenged the district court's conclusion that there was no reasonable suspicion for the traffic stop, and Smith has not challenged the district court's conclusions that the officers had probable cause to arrest him for battery on an officer and resisting or obstructing an officer and that the officers could perform an inventory search of Smith's vehicle based on his arrest. Thus, the only issue on appeal relevant to Smith's motion to suppress is whether the district court correctly held that Smith's flight and battery on an officer attenuated the taint of the initial, unlawful seizure.

The exclusionary rule prohibits the use of evidence obtained through unconstitutional government activity. *State v. McBaine*, 144 Idaho 130, 133, 157 P.3d 1101, 1104 (Ct. App. 2007). There are, however, exceptions to the exclusionary rule. One such exception is the attenuation

4

doctrine. Under the attenuation doctrine, the court determines whether evidence discovered following a Fourth Amendment violation was obtained by exploitation of that violation or, instead, by means sufficiently attenuated from that illegality such that the taint of the illegality is purged. *See Brown v. Illinois*, 422 U.S. 590, 598-99 (1975). Thus, the attenuation doctrine permits the use of evidence that would normally be suppressed as fruit of police misconduct if the causal chain between the misconduct and the discovery of the evidence has been sufficiently attenuated. *Nardone v. United States*, 308 U.S. 338, 341 (1939); *State v. Hoak*, 107 Idaho 742, 749, 692 P.2d 1174, 1181 (1984). A three-factor test applies in determining attenuation: (1) the elapsed time between the misconduct and the acquisition of the evidence; (2) the occurrence of intervening circumstances; and (3) the flagrancy and purpose of the police misconduct. *State v. Page*, 140 Idaho 841, 846, 103 P.3d 454, 459 (2004).

As the State notes, Smith has not challenged the district court's conclusions on the first and third factors for attenuation. Thus, Smith has waived consideration of these factors on appeal. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1966). For the second factor, Smith asserts his "flight was not an intervening circumstance because he would not have fled (or committed the additional offenses) but for the initial illegal traffic stop." This focus on "but-for" causation misses the mark--the attenuation doctrine addresses whether causation between the illegal conduct and the evidence has been sufficiently attenuated by other factors, not whether causation is absent. *See Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963) (stating that evidence is not "'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police"). Consequently, Smith's "but-for" argument is unpersuasive.

Moreover, as the State notes, a defendant's attack on law enforcement, committed after an unconstitutional search or seizure, is a new crime unrelated to any prior illegality. *State v. Lusby*, 146 Idaho 506, 510, 198 P.3d 735, 739 (Ct. App. 2008). Thus, evidence of the new crime is sufficiently attenuated from the prior illegality and is not suppressible. In addition, evidence derived from the commission of the new crime is not suppressible. *Id.* (reversing suppression of evidence found from search incident to arrest for battery of law enforcement). As the district court found, Smith committed two new crimes after the illegal seizure--resisting or obstructing an officer and battery on an officer. Under *Lusby*, these new crimes attenuated the taint of Smith's initial, illegal seizure. On this point, Smith acknowledges a number of opinions from other jurisdictions

5

with similar holdings. *See, e.g.*, *United States v. Beauchamp*, 659 F.3d 560, 574 (6th Cir. 2011) (noting that "if a suspect's response to an illegal stop is a new and distinct crime, such as flight or use of force, any evidence recovered incident to the arrest for the subsequent crime is not tainted by the unlawfulness of the initial detention"). He does not, however, argue that *Lusby* was wrongly decided or that *Lusby* or the other opinions he acknowledges are distinguishable from the facts of his case. Thus, Smith has failed to show the district court erred in partially denying his motion to suppress.

**B.      Sentence Reviews**

Smith asserts that his sentences in both cases are excessive. Specifically, Smith argues that the district court failed to properly consider certain mitigating factors, such as his difficult childhood, minimal prior criminal record, substance abuse issues, support letters from his family, good character, remorse, and acceptance of responsibility for the crimes. The State contends that the sentences imposed are reasonable given the seriousness and repeated nature of Smith's crimes.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in both cases, we cannot say that the district court abused its sentencing discretion.

**C. I.C.R. 35 Motions**

Smith argues the district court erred in denying his I.C.R. 35 motions for reduction of his sentences.[1] Specifically, Smith asserts "the district court did not exercise reason . . . in light of the new and additional information presented in support of his motions."[2] The State responds that the district court considered the new information Smith submitted with his I.C.R. 35 motions and exercised reason in holding that the new information did not warrant a reduction in the sentences.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the trial court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Based upon our review of the record in both cases, including any new information Smith submitted in support of his I.C.R. 35 motions, we conclude that no abuse of discretion has been shown.

---

[1]     We note that Smith's I.C.R. 35 motion in Docket No. 47456 "request[ed] a reduction in his sentence to the mandatory minimum by law of one (1) year fixed," with "the rest of his sentence [to] be indeterminate," but did not specify to which of the two sentences his motion applied. Given the reference to a mandatory minimum, it is likely that Smith's request concerned his sentence for trafficking in marijuana, not his sentence for aggravated battery on an officer. *Compare* I.C. § 37-2732B(a)(1)(A) (mandatory minimum of one year for trafficking in marijuana when marijuana weighs over one pound but less than five), *with* I.C. §§ 18-907, -915(1) (no mandatory minimum for aggravated battery on an officer). The district court did not resolve this ambiguity, but held that both sentences in Docket No. 47456 were reasonable. On appeal, we need not resolve this ambiguity because we ultimately hold that Smith has failed to show that the district court abused its discretion as to either sentence in Docket No. 47456.

[2]     Smith does not elaborate on his assertion that the district court failed to exercise reason in light of the new information.

**IV.**

**CONCLUSION**

Smith has failed to show the district court erred in partially denying his motion to suppress. Additionally, Smith has failed to show that the sentences in either case are excessive or that the district court abused its discretion in denying his I.C.R. 35 motions for reduction of the sentences. Consequently, Smith's judgments of conviction and sentences, as well as the district court's orders denying his I.C.R. 35 motions, are affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.