**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48315**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 10, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACOB WARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion to suppress, affirmed; judgment of conviction for one count of battery upon a law enforcement officer, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Jacob Ward appeals from the district court's denial of his motion to suppress. Despite acknowledging controlling authority to the contrary, Ward argues that under either the Fourth Amendment or due process, evidence of his battery upon law enforcement should be suppressed because the officer lacked reasonable suspicion to detain him and the officer's conduct in detaining him was outrageous. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ward and another individual were riding their bicycles around 4:00 a.m. when Deputy Anthony spotted them and activated the overhead lights of his police vehicle. Deputy Anthony followed Ward until a fence blocked Ward. Deputy Anthony commanded Ward to approach the police vehicle, face a nearby trailer, and get down on his knees. Ward fled and Deputy Anthony

1

gave chase. Deputy Anthony pushed Ward and they went to the ground. A struggle ensued in which Deputy Anthony punched Ward and Ward kicked Deputy Anthony and struck or scratched a second officer's arm. Ward was held down by the officers and was stunned with a Taser twice.

The State charged Ward with two counts of battery upon a law enforcement officer, Idaho Code §§ 18-903(a), 18-915(3)(b). Ward filed a motion to suppress all evidence obtained as a result of the seizure. After a hearing, the district court denied Ward's motion to suppress. Reserving his right to appeal the district court's denial, Ward entered a guilty plea to one count of battery on a law enforcement officer. Ward timely appeals.

## II.
## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.
## ANALYSIS

Ward argues that any evidence relating to the battery on a law enforcement charge should be suppressed under the exclusionary rule due to Fourth Amendment and due process violations committed by law enforcement.

The Fourth Amendment to the United States Constitution assures the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It has long been held that evidence obtained by searches and seizures made in violation of this constitutional right are inadmissible against the accused. *Mapp v. Ohio*, 367 U.S. 643 (1961). The purpose of this exclusionary rule is to effectuate the rights guaranteed by the Fourth Amendment to deter law enforcement officials from violating constitutional protections. *Stone v. Powell*, 428 U.S. 465, 492 (1976); *State v. Bower*, 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct. App. 2001). Because the exclusionary rule imposes a price upon society that can enable the guilty to

2

escape prosecution, the exclusionary rule is only applicable if there is a causal connection between the police misconduct and the acquisition of the challenged evidence, i.e., if the evidence is "fruit of the poisonous tree." *Segura v. United States*, 468 U.S. 796, 805 (1984); *State v. Keene*, 144 Idaho 915, 918, 174 P.3d 885, 888 (Ct. App. 2007).

"Evidence is not necessarily 'fruit of the poisonous tree' simply because it would not have come to light but for illegal actions of the police." *State v. Lusby*, 146 Idaho 506, 508, 198 P.3d 735, 737 (Ct. App. 2008). "Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" *Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (quoting MAGUIRE, EVIDENCE OF GUILT, 221 (1959)).

Ward first argues that Deputy Anthony seized him in violation of Ward's Fourth Amendment right against unreasonable seizures. Second, Ward argues that Deputy Anthony's verbal threats and physical conduct so shocks the conscience and offends justice and fair play as to violate due process. Ward asserts that both violations demand suppression of the evidence.

The State argues that the exclusionary rule does not apply because Ward was not entitled to use force against a seizure by law enforcement, either valid or invalid. Additionally, the State argues any excessive force used by law enforcement during the seizure is grounds for a defense but not for exclusion of evidence.

The district court denied the motion to suppress based upon a citizen's duty to peacefully submit to law enforcement authority--even during an invalid seizure. The district court was correct. Regardless of whether the seizure was unconstitutional, Ward's subsequent battery on the police officers was separate conduct and evidence of a new crime. Any misconduct by law enforcement during the seizure is simply a defense for Ward's actions but not a basis for exclusion. *See Lusby*, 146 Idaho at 509, 198 P.3d at 738 (noting rule that when a suspect responds to an unconstitutional search or seizure by a physical attack on the officer, evidence of this new crime is admissible notwithstanding the prior illegality); *see also State v. Wren*, 115 Idaho 618, 627, 768 P.2d 1351, 1360 (Ct. App. 1989) (same). In this case, regardless of the validity of the seizure, Ward had a duty to submit to Deputy Anthony's authority when Deputy Anthony told him to kneel and face the trailer. Instead, Ward fled, which caused Deputy Anthony to pursue. During pursuit, Deputy Anthony pushed Ward and an altercation ensued. Even if a fact-finder found excessive

3

force was initiated by Deputy Anthony, that would be a defense but not grounds for suppression of the evidence against Ward. This is because the evidence flows not from the arrest but from Ward's conduct. Therefore, Ward was not entitled to suppression even if he was subject to a Fourth Amendment violation.

Ward also argues due process demands suppression. However, the United States Supreme Court has held that "*all* claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). This is because when "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ." *Graham*, 490 U.S. at 394. As discussed above, under the Fourth Amendment, the force used by Deputy Anthony could be a defense to the battery upon law enforcement charge, but it is not a basis for suppressing evidence of Ward's conduct.

## IV.

## CONCLUSION

The district court did not err when it denied Ward's motion to suppress. Accordingly, we affirm the district court's order denying Ward's motion to suppress and affirm Ward's judgment of conviction for one count of battery upon a law enforcement officer.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.