**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51591**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 12, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CATLINA NICOLE JONES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Catlina Nicole Jones appeals from the district court's judgment of conviction for possession of a controlled substance, leaving the scene of an accident, and driving under the influence. Jones claims the district court erred in denying her motion to suppress evidence obtained in a search incident to arrest. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Law enforcement officers were called to an accident scene and observed a silver vehicle with no front tire in the middle of the street and a second unattended vehicle with rear end damage. Two witnesses informed Officer Cowan that the silver car hit a parked car, and the female driver, who appeared to be intoxicated, went toward a local motel. The driver, identified as Jones, was located in a stairwell of the motel. Jones was handcuffed and arrested for leaving the scene of an

1

accident. Jones had a black purse and a pink bag with her, which officers collected. An officer observed Jones and believed she was under the influence of methamphetamine or a similar substance. Officers removed the handcuffs for field sobriety tests, which Jones failed. Jones was handcuffed again, became visibly upset, and began struggling with the officers. After placing Jones in a patrol car, Officer Cowan contacted witnesses to confirm a citizen's arrest for driving under the influence (DUI) prior to a search of Jones' belongings. A search of Jones' purse and bag revealed controlled substances and drug paraphernalia.

Jones was charged with two counts of felony possession of a controlled substance (fentanyl and methamphetamine), Idaho Code § 37-2732(c)(1), and misdemeanors of leaving the scene of an accident, I.C. § 49-1301, resisting and obstructing an officer, I.C. § 18-705, possession of paraphernalia, I.C. § 37-2734(A)(1), and driving under the influence (second offense), I.C. §§ 18-8004, 18-8005(4). Jones filed a motion to suppress, arguing that she was unlawfully arrested for the completed misdemeanor of leaving the scene of an accident, which was committed outside the presence of the officers and, therefore, the search incident to arrest was unlawful under *State v. Clarke*, 165 Idaho 393, 446 P.3d 451 (2019). The district court denied the motion. The court held that the officers unlawfully arrested Jones on the misdemeanor leaving the scene of an accident committed outside the presence of the officers. However, the arrest for resisting and obstructing an officer and the search incident to that arrest were lawful. Pursuant to a plea agreement, Jones pled guilty to one count of possession of a controlled substance (methamphetamine), leaving the scene of an accident, and DUI, reserving her right to appeal the denial of her suppression motion. Jones appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Jones claims the district court erred in denying her motion to suppress. "Mindful" of *State v. Lusby*, 146 Idaho 506, 198 P.3d 735 (Ct. App. 2008), Jones argues her arrest for resisting and obstructing did not break the causal chain from the officers' prior illegal action and, therefore, the officers' search incident to arrest was not valid. The State argues that under *Lusby*, Jones' act of resisting and obstructing broke the chain of the prior illegal arrest, and the evidence obtained incident to the legal arrest was not subject to suppression. Alternatively, the State asserts that the attenuation doctrine applies to preclude exclusion of the evidence.[1]

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and, therefore, violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* A search incident to lawful arrest is among the well-recognized exceptions to the Fourth Amendment's warrant requirement. *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct. App. 1993).

The district court found that Jones' arrest for leaving the scene of an accident was unlawful because it was a completed misdemeanor that did not occur in the presence of the arresting officer. *See Clarke*, 165 Idaho at 399, 446 P.3d at 457. However, the district court held Jones did not have a legal right to forcibly resist that arrest, and the evidence of the crime of resisting and obstructing is not subject to suppression as it was derived from Jones' own conduct and not from any exploitation of the unlawful arrest for leaving the scene of an accident. The district court concluded that "the search of [Jones]' belongings is lawful as a search incident to arrest" and that the "resulting drug and paraphernalia evidence is not subject to suppression."

An individual may not use force to resist a peaceable arrest by one she knows or has good reason to believe is a police officer, even if the arrest is illegal under the circumstances. *Lusby*, 146 Idaho at 509, 198 P.3d at 738. A defendant who uses force to resist an arrest, regardless of whether that arrest is lawful, is not entitled to suppression of evidence obtained incident to arrest.

---

[1]     We need not address the attenuation doctrine in light of our conclusion regarding the application of the principle in *State v. Lusby*, 146 Idaho 506, 198 P.3d 735 (Ct. App. 2008).

*Id*. at 510, 198 P.3d at 739. Thus, when a suspect responds to an unconstitutional search or seizure by a physical attack on the officer, evidence of this new crime is admissible notwithstanding the prior illegality. *Id*. at 509, 198 P.3d at 738.

"Mindful" of *Lusby*, Jones claims that her subsequent arrest for resisting and obstructing was not an intervening circumstance to break the casual chain between the officers' illegal action and all subsequent events, including the search incident to arrest. However, other than making the claim that *Lusby* "should not apply when the officers are effectuating an illegal arrest," Jones provides no argument why this case is different from or not controlled by the principle announced in *Lusby*. A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, Jones has failed to show that the district court erred in denying her motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Jones' motion to suppress. Therefore, the district court's order denying Jones' motion to suppress and Jones' judgment of conviction are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.